UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KAREN VALENTE, | ) | 1:07-CV-00770-LJO-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| v. | ) | GRANT PLAINTIFF'S MOTION TO |
| | ) | REMAND CASE (DOC. 17) |
| COLONIAL LIFE & ACCIDENT INSURANCE, a South Carolina Corporation, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants removed this action for damages from the Calaveras County Superior Court on May 21, 2007. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. Background

Pending before the Court is Plaintiff's motion to remand the action, filed on June 5, 2007.[1] Defendant Colonial Life and Accident Insurance (Colonial) filed opposition on July 16, 2007; Defendants Stone Hill and Associates Insurance Brokerage, Inc. (Stone Hill), Jed Miner (Miner), and Rite of Passage (ROP) joined

---

[1] Although Plaintiff initially purports to move for an order "permitting leave to file a Fourth Amended Complaint in this action," (Mot., p. 1, ll. 22-23), review of the entire motion reveals that the relief that Plaintiff seeks is the remand of the action to the state court.

1

in the opposition. Plaintiff filed a reply on July 27, 2007. By separate order, the hearing on the motion has been vacated, and the matter has been submitted to the Court.

Plaintiff is the widow of Stephen Valente, who died on March 16, 2005, and who during his employment at ROP made premium payments by way of payroll deductions for a life insurance policy from Colonial with a benefit in the amount of $50,000.00. Plaintiff, who was named the beneficiary in her husband's application for the policy, alleges that due to the wrongful conduct of Colonial (the insurer), Stone Hill and Miner (insurance broker and employee thereof, respectively), and ROB (employer of Stephen Valente), Plaintiff was denied the benefit of the policy. Against Colonial, Plaintiff alleges claims for 1) breach of a contract or interim contract formed by the application and payment of premiums, 2) breach of the covenant of good faith and fair dealing, 3) negligence for failure to advise the decedent that his application had been rejected and that his premiums had been returned, and 4) reformation. Plaintiff alleges negligence claims against Stone Hill and Miner for failure to use reasonable efforts to obtain insurance, and against ROP for failure to inform the decedent of an underwriting failure and to take action to obtain the anticipated insurance.

II. Magistrate Judge's Jurisdiction

Title 28 U.S.C. § 636(b) provides in pertinent part:

> (1) Notwithstanding any provision of law to the contrary--
> (A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a

2

> criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief may be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.
> (B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

Fed. R. Civ. P. 72 provides in pertinent part:

> (a) **Nondispositive Matters**. A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.
>
> (b) **Dispositive Motions and Prisoner Petitions**. A magistrate judge assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party or a prisoner petition challenging the conditions of confinement shall promptly conduct such proceedings as are required. A record shall be made of all evidentiary proceedings before the magistrate judge, and a record may be made of such other proceedings as the magistrate judge deems necessary. The magistrate judge shall enter into the record a recommendation for disposition of the matter, including proposed findings of fact when appropriate. The clerk shall forthwith mail copies to all parties.

The question presented is whether a motion to remand a proceeding to state court is a nondispositive motion that a

3

magistrate judge can determine, or a dispositive motion that a district judge must determine the matter so that a magistrate judge may only issue only findings and recommendations. Some of the circuit courts of appeals have held that motions to remand are dispositive, and thus a magistrate judge does not have jurisdiction to determine such a motion. The reasoning is that although such motions are not enumerated in § 636(b)(1)(A), they nevertheless are functionally the equivalent of a motion for involuntary dismissal because they determine that there will not be a federal forum available to entertain a particular dispute. Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-17 (6th Cir. 2001) (noting a lack of decisions from other circuits); First Union Mortgage Corp. v. Smith, 229 F.3d 992, 994-97 (10th Cir. 2000); In re U.S. Healthcare, 159 F.3d 142, 145-46 (3d Cir. 1998). The Ninth Circuit has not taken a position on whether or not a Magistrate Judge can rule on a motion to remand an action to state court. Some district courts have taken the position that a motion to remand is not dispositive and thus may be determined by a magistrate judge. See Bearden v. PNS Stores, Inc., 894 F. Supp. 1418, 1419 n. 1 (D. Nev. 1995). The present motion involves a determination of subject matter jurisdiction and, if granted, will determine the availability of a federal forum. The Magistrate Judge will thus proceed by way of findings and recommendations.

### III. Legal Standards

Title 28 U.S.C. § 1447(c) provides:

> A motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of

4

> removal under section 1446(a). <u>If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.</u> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk to the clerk of the State court. The State court may thereupon proceed with the case (emphasis added).

Plaintiffs are alleging a lack of subject matter jurisdiction; thus, their motion, made within months of removal and before final judgment, is timely.

The federal removal statute permits the removal from state court to federal court of cases that might have been filed in federal court originally. 28 U.S.C. § 1441(a). Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant; otherwise, federal question jurisdiction is required. <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). Here, it is undisputed that the parties are of diverse citizenship. (Pltf.'s Mem. p. 5.) Thus, removal may have been proper pursuant to 28 U.S.C. § 1332(a)(1), which grants the district courts original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

The issue is whether the amount in controversy exceeds $75,000, exclusive of interest and costs.

The statute regarding removal is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the right of removal; the removing defendant bears the burden of establishing that removal is proper

5

by proving facts sufficient to establish jurisdiction by a preponderance of the evidence. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566-67 (9th Cir. 1992) (holding that where the amount in controversy was not alleged in the complaint, and where the Plaintiff provided no factual support for the assertion that the amount was sufficient to support federal diversity jurisdiction, the presumption of an absence of jurisdiction was not overcome); <u>Sanchez v. Monumental Life Ins. Co.</u>, 95 F.3d 856, 861-62 (9th Cir. 1996) (holding that in an action removed from state court and in which summary judgment for the defendant was granted in federal district court, where a complaint did not specify the amount in controversy, the defendant's reliance on potential disgorging of premiums was insufficient to establish the jurisdictional amount where there was no evidence of what the amount of premiums would be). Generally the defendant's burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement; however, if it is unclear what amount of damages the plaintiff has sought, then the defendant has the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount. <u>Id.</u> The facts must be assessed on the basis of the complaint at the time of removal. <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 292 (1938). Thus, where the amount claimed is not stated in the complaint or it is not clear from the complaint that the amount in controversy is sufficient, the defendant must go beyond the notice of removal and provide actual evidence to the Court regarding the amount in controversy.

///

IV. <u>Analysis</u>

It is alleged in the various claims that Plaintiff was deprived of, and is entitled to recover, $50,000.00, representing the amount of the death benefit pursuant to the life insurance contract or interim contract that Plaintiff alleges was formed for her benefit. (Cmplt. ¶¶ 32, 44, 50, 56, 59.)

However, in the remainder of the complaint, there is no specification of a precise amount of the other damages claimed. In the breach of contract claim, Plaintiff alleges additional damage "plus other amounts to be proven at trial." (¶ 32.) In the bad faith claim, Plaintiff alleges she was forced to retain counsel to obtain her benefits and suffered emotional and physical distress, and she was entitled to punitive damages for malicious and oppressive conduct "in an amount sufficient to make an example of Defendant COLONIAL." (¶¶ 36-38.) In the reformation claim, she alleged that as the unnamed but intended beneficiary, she "will suffer pecuniary loss unless the interim contract is reformed...." (¶ 61.) In the prayer (Cmplt. pp. 9-10), she seeks on the breach of contract claim "Special damages in an amount yet unknown, but in excess of the minimum jurisdictional limit of this Court"; she further seeks "Prejudgment interest on general and special damages as permitted by law...." On the bad faith claim, she prays for "General and special damages in an amount yet unknown, but in excess of the minimum jurisdictional limit of this Court," "Prejudgment interest on general and special damages as permitted by law," an unspecified amount of punitive or exemplary damages, and attorney's fees "as permitted by law." (<u>Id.</u> p. 10.) With respect to the several negligence claims

7

against Colonial, Stone Hill and Miner, and ROP (claims three through five), in each claim she prays for "General and special damages in an amount yet unknown, but in excess of the minimum jurisdictional limit of this Court," as well as "Prejudgment interest on general and special damages as permitted by law." (Id.)

Thus, with respect to meeting the $75,000.00 jurisdictional floor of 28 U.S.C. § 1332(a)(1), Plaintiff has not affirmatively pled that more than $75,000.00 is at issue. See, Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). Thus, Defendants must provide admissible evidence to establish that it is more likely than not that the amount in controversy exceeds $75,000.00.

        A. Interest

Defendants point to the allegation that Plaintiff is entitled to statutory interest pursuant to Cal. Ins. Code § 10172.5, which provides for interest at the current rate on payments of life insurance policy benefits that are delayed over thirty days after death; Defendants assert that Plaintiff could recover $5,416.00 in interest, computed at a rate of 5 per cent until May 21, 2007 (the date of removal). However, § 28 U.S.C. § 1332(a)(1) expressly provides that the amount in controversy must exceed $75,000.00 "exclusive of interest and costs," and thus the Court will not consider the amount of such interest in determining the jurisdictional amount.

        B. Bad Faith Damages and Attorney's Fees

Defendants point to Plaintiff's prayers for bad faith damages, including emotional distress damages and attorneys' fees

incurred to obtain the policy benefits. Plaintiff prayed for special and general damages in an amount yet unknown but in excess of the minimum jurisdictional limit of the court. Defendants argue that these allegations must be understood to mean an amount greater than $25,000.00, which Defendants assert, without citation to authority, is the minimum jurisdictional amount of the state superior court. However, this is not clear from the face of the complaint and has not been established by Defendants. Further, these allegations are nevertheless not specific.

Defendants argue that if Plaintiff proves that Defendants breached the duty of good faith and fair dealing, she may be awarded damages for emotional distress under California law. There is case authority permitting an insured to recover such damages against an insurer in some circumstances. See, Gruenberg v. Aeta Ins. Co., 9 Cal. 3d 566, 578-81 (1973). However, no evidence has been offered regarding the likely amount of such damages in this case. Defendants assert that Plaintiff will undoubtedly argue that she suffered emotional distress because Colonial Life allegedly forced her, a widow, to sue to recover benefits of the policy. (Opp. p. 5.) However, Defendants' assertions do not amount to competent evidence that establishes the extent of the unspecified mental and physical damages claimed by Plaintiff, or of the pain and distress that she generally claims to have suffered.

Defendants argue that in the bad faith claim, Plaintiff seeks attorney's fees, the amount of which should be included in the determination of the amount in controversy. Defendants cite

to Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998), which held that where there is an underlying statute authorizing an award of attorney's fees, fees may be included in the amount in controversy. The court in Galt further noted case law in other circuits to the effect that a provision for an award of attorney's fees in a contract would render such fees an appropriate factor to consider in determining the amount in controversy. Id. However, Galt does not include other attorney's fees in the determination. Defendants base Plaintiff's entitlement to fees on Brandt v. Superior Court, 37 Cal.3d 813 (1985), in which the court held that when an insurer tortiously withholds benefits, attorney's fees reasonably incurred to compel payment of policy benefits are recoverable as an element of the damages of the tortious conduct. Defendant thus appears to rely on case law and has cited no statute or contractual provision that would permit recovery of fees in this situation.

  Nevertheless, even if attorney's fees were to be considered, the amount in controversy is to be tested as of the time of removal of the action. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938); see, Conrad Associates v. Hartford Accident & Indemnity Co., 994 F.Supp. 1196, 1200 (N.D.Cal. 1998). The declaration of David D. Cheng, counsel for Plaintiff, submitted in support of the motion to remand, establishes that on May 21, 2007, the date of removal, Plaintiff had incurred "well under $10,000 in attorney's fees." (¶ 2.) The amount of any future fees to be earned in connection with the second claim is speculative at this point.

///

### C. Punitive Damages

Defendants argue that Plaintiff's allegation of cruel, malicious, and despicable conduct undertaken by Colonial in conscious disregard of Plaintiff's rights and safety, and her claim for punitive damages, supply the required amount in controversy. However, an award of punitive damages is solely within the discretion of the trier of fact. See, Brewer v. Second Baptist Church, 32 Cal.2d 791, 800-01 (1948). The mere fact that an insurer is determined to have breached its duty to deal reasonably and in good faith with the insured, and thereby to be liable for compensatory damages, does not automatically entitle the insured to punitive damages. Neal v. Farmers Ins. Exchange, 21 Cal.3d 910, 922 (1978). Such damages must be proven by clear and convincing evidence. Cal. Civ. Code § 3294(a). At this point, the Defendants have not established by a preponderance of the evidence that such an award is likely or the amount of any such damages if awarded. See, Conrad Associates, 994 F.Supp. at 1201.

### D. General Damages

Defendants argue that because of the number of defendants, the allegations against all of them concerning a duty of care, and the overall allegations of Plaintiff's complaint, it is reasonable to believe that Plaintiff will obtain an award of general damages of more than $15,000.00. Defendants assert that Plaintiff may allege, for example, that she was unable to pay utilities, mortgage, car payment, etc., and would presumably seek compensation from all defendants for such harm. However, none of these possible factual scenarios are established by evidence, as distinct from generalized allegations of harm.

V. <u>Recommendation</u>

Given the strong presumption against removal jurisdiction and in favor of remand, the Court finds that Defendants have not shown, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum of more than $75,000. The Court therefore lacks diversity jurisdiction to hear this case.

Accordingly, it IS RECOMMENDED that

1) Defendants' motion to remand the action to the Superior Court of Calaveras County BE GRANTED, and

2. The action BE ORDERED remanded to the Superior Court for the County of Calaveras.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to

/

//

appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    August 1, 2007                           /s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE